FILED

'97 SEP -8 PM 4: 15

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

SEP 8 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VALINDA F. OLADEINDE, ET AL., | ) | |
| Plaintiffs | ) | CIVIL ACTION NO. |
| VS. | ) | 91-AR-0196-S |
| CITY OF BIRMINGHAM, ET AL., | ) | |
| Defendants | ) | |

### MEMORANDUM OPINION

The court has for consideration a motion to recuse filed by defendants in the above-entitled cause. There is no reason to repeat here either the facts alleged in the recusal motion, none of which are contested, or the additional facts outlined by the court itself during the September 5, 1997, hearing on the recusal motion. The decision on the motion does not involve any factfinding except for answering the ultimate fact question, namely: "Can the impartiality of this judge, under the admitted facts, reasonably be questioned?" This is the single issue raised by defendants' invocation of 28 U.S.C. § 455(a).

There are a number of published opinions applying § 455(a), some of which find recusal necessary but most of which do not. Except for the two cases cited by defendants, all of the cases recognize an area of discretion in the court. Although evaluating

239

recusal under § 455 is supposed to be done using objective criteria, an inward look by a judge inevitably has some subjective component, that is, unless recusal is deemed automatic under limited, particular circumstances. This court has found no case or opinion involving circumstances quite like these, and movants have not pointed to one. Their citations to *El Fenix de Puerto Rico v. The M/Y Johanny*, 36 F.3d 136 (1st Cir. 1994), and *Doddy v. OXY USA, Inc.*, 101 F.3d 448 (5th Cir. 1996), while instructive in a general way, are easily distinguishable. Foremost, neither of these cases involves the lifting of a recusal as a result of the subsequent disappearance of the initial cause for the recusal. There is a marked difference between a change in the perception by the judge himself or herself of the possible appearance of partiality and a total disappearance of the facts upon which that perception and the recusal were based. Secondly, neither of the cited cases involved a blanket recusal on a law firm in contrast to recusal in a particular case.

In *El Fenix*, the First Circuit started off its opinion with its conclusion that "it was improper for the recused judge to revisit the recusal order in these circumstances ...." 36 F.2d 137. It then described in detail the circumstances. Applying such an immutable rule against "revisiting a recusal order" to the undersigned's order, which involved <u>all</u> cases of Cooper, Mitch, Crawford, Kuykendall and Whatley ("Cooper-Mitch"), both pending and

2

future, the recusal could never be lifted. The First Circuit surely did not intend such a bizarre application of its choice of words.

The instant case is not like *El Fenix* in another important respect. The undersigned was not "revisiting" an erroneous recusal as the trial judge did in *El Fenix*. Instead, the undersigned was reacting to the disappearance of an arguably valid reason for recusal. *Doddy*, the subsequent Fifth Circuit case, relies entirely upon *El Fenix* and refers to the First Circuit as follows: "[O]nly one other appellate court has dealt <u>squarely</u> with this question." 101 F.3d 457 (emphasis supplied). The problem inherent in *Doddy* as a precedent is that *El Fenix,* on which *Doddy* relies, did not deal "squarely" with the unique set of circumstances here presented.

Based on this judge's research and on informal consultation with fellow judges whom this judge respects, this court must disagree with movants' contention that the recusal cannot be lifted. "In Camera," the Federal Judges Association's quarterly report of August, 1997, contains a timely article entitled "Focus on Recusal: An Introduction" by Marilyn J. Holmes, counsel to the Committee on Codes of Conduct of the Judicial Conference of the United States. Ms. Holmes there says, *inter alia*:

> The decision whether to recuse often is quite complicated. Occasionally, this decision must be made in a spotlight, as the public and the media share the judiciary's interest in ensuring that judges apply recusal requirements carefully and conscientiously.

3

* * *

> [S]ection 455 envisions *sua sponte* recusals by judges in appropriate instances, thus adopting a largely self-enforcing approach, while recusal under section 144 is triggered only by a party's motion.
>
> Two bases for recusal are outlined in section 455. First, under section 455(a), judges must disqualify themselves "in any proceeding in which ... [their] impartiality might reasonably be questioned." When is a judge's impartiality reasonably questioned? This is essentially an objective test that looks to whether a reasonable person with knowledge of the relevant facts would question the judge's ability to act impartially.

Section 3.8-1(b) of the Compendium of Selected Opinions by the Committee on Codes of Conduct, advises, with respect to § 455:

> A judge who recused from a matter because close relatives' law firm was involved is no longer disqualified when the law firm's involvement ends; matter may be reassigned to judge when the disqualifying interest is removed, so long as this does not affect appearance of impartiality.

This expression speaks more clearly to the instant set of facts than does *El Fenix*. It must be kept in mind that this judge's "close relative," a lawyer, was never involved <u>in the *Oladeinde* case</u>. His involvement was in an entirely separate case, now concluded. The recusal was imposed not only in this case but in <u>all</u> of the cases in which Cooper-Mitch was counsel. It seems to this judge that the question is not whether continued recusal is automatically required, but whether the disqualifying condition, once it disappears, can create in a reasonable person the appearance of impropriety or partiality in <u>all</u> cases in which Cooper-Mitch is counsel. This question would have to be answered in cases in which Burr & Forman is counsel as well as in Cooper-

4

Mitch's matters.

Section 455(a) is not dissimilar to Canon 3(C)(1) of the Codes of Conduct for United States Judges, which reads:

> C. <u>Disqualification</u>
>
> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> > (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> >
> > (b) the judge served as lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness;
> >
> > (c) the judge knows that, individually or as a fiduciary, the judge or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;
> >
> > (d) the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person;
> >
> > > (i) is a party to the proceeding, or an officer, director, or trustee of a party;
> > >
> > > (ii) is acting as a lawyer in the proceeding.
> > >
> > > (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or
> > >
> > > (iv) is to the judge's knowledge likely to be a material witness in the proceeding.
> >
> > (e) the judge has served in governmental employment and in such capacity participated as counsel, advisor, or material

>    witness concerning the proceeding or has expressed an opinion
>    concerning the merits of the particular case in controversy.

None of this language would even arguably apply to the instant set of facts, except, perhaps, (1)(a), namely, that "the judge has a personal bias or prejudice concerning a party." This judge understands that defendants are not making this contention, which would require an affidavit filed pursuant to 28 U.S.C. § 144.

Without an automatic rule to cover the situation, the court must use its best judgment in order to decide whether a reasonable person might question this court's impartiality. This, of course, assumes, as this judge did, that an appearance of partiality may have been created while this judge had an inchoate, if undefined, interest in a case in which his son was counsel and in which Cooper-Mitch was opposing counsel.

If this judge is to be disqualified in this case, it would follow that this judge must be disqualified in all cases in which Cooper-Mitch is counsel. At what time in the future such a disqualification would disappear, if ever, would be a matter of pure conjecture. If movants are correct, the recusal should remain in place for the rest of this judge's judicial life in order to be "safe."

As indicated above, this court has discussed the matter informally with judges whose opinions he values. Although their opinions are neither binding on this judge nor on any reviewing

court, they do lend support to the decision reached by this judge.

This judge readily acknowledges that any serious doubt under § 455(a) should be resolved in favor of disqualification, but the decision is committed finally to the sound discretion of the judge to whom the case is assigned. *In re City of Houston*, 745 F.2d 925 (5th Cir. 1984). If this court did harbor serious doubt about his ability to provide impartial decisions in this case, he would grant defendants' motion and would recuse in all Cooper-Mitch cases. But, this judge believes that he can provide an impartial forum for the parties in this case despite the fact that for a relatively short period of time, considering the age of this case, this judge had an ill-defined interest in another case in which Cooper-Mitch was counsel.

For the foregoing reasons, defendants' motion for recusal will be denied by separate order.

DONE this 8th day of September, 1997.

```
                              /s/ William M. Acker
                              _____
                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE
```