FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 JAN 23 PM 3: 30

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| VALINDA F. OLADEINDE, ET AL., | ) |
| Plaintiffs | ) CIVIL ACTION NO. |
| VS. | ) 91-AR-0196-S |
| CITY OF BIRMINGHAM, ET AL., | ) |
| Defendants | ) |

ENTERED

JAN 2 3 1998

## MEMORANDUM OPINION

The court has before it a renewed motion filed by counsel for Arthur V. Deutcsh ("Deutcsh"), one of the defendants in the above-styled cause, seeking the appointment of a guardian ad litem for Deutcsh. The allegation is that Deutcsh is incompetent. There are several facts to be considered in this court's effort to comply with the obligations imposed upon it by the third sentence of Rule 17(c), F.R.Civ.P. That sentence provides:

> The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

The words "person not otherwise represented" do not imply that an incompetent person who has counsel in an action is always deemed to be "otherwise represented." Yet, from the clear import of the language the appointment of a guardian ad litem for an incompetent party is not mandatory in all cases. Wright, Miller & Kane, FED. PRAC. & PROC.: Civil 2d § 1570 (West 1990).

### First Pertinent Fact

Earlier in this case, the issue of whether a guardian ad litem should be appointed for Deutcsh was addressed at considerable length by the court at the request of his counsel. At that time, this court declined to appoint a guardian ad litem for Deutcsh after a highly dedicated lawyer-investigator, specially appointed by the court, was unable to conclude that Deutcsh was incompetent. That lawyer had somewhat the same experience with Deutcsh as Deutcsh's counsel experienced in his recent visit with his client.

### Second Pertinent Fact

Since ruling on the earlier request for the appointment of a guardian ad litem for Deutcsh, this court has had an opportunity to observe Deutcsh in person and in court, as well as to follow local television and news stories about Deutcsh's physical and social activities, such as driving an automobile. As an alumnus of Birmingham-Southern College, this court recently received a college brochure listing Deutcsh is a member of a writer's committee at the college. Although this court did not interrogate Deutcsh on the occasion of his court appearance, the court did observe that Deutcsh, who was then accompanied by his wife and by counsel, was well-dressed, made eye contact with the court, gave no indication of a failure to comprehend the nature of the proceeding.

### Third Pertinent Fact

Deutcsh is and has been throughout the case actually represented by competent and dedicated counsel. In *Ruppert v. Secretary of U.S. Dept. of Health and Human Services*, 671 F. Supp. 151, 172 (D.C. N.Y. 1987), that court held that an incompetent applicant for Social Security benefits does not require a guardian ad litem under Rule 17(c) when represented by an experienced attorney. The principle enunciated in *Ruppert* may or may not apply in a civil case in which the allegedly incompetent party is exposed to the possibility of having to pay a monetary judgment if found liable.

### Fourth Pertinent Fact

Deutcsh holds a doctor of laws degree and a degree from Harvard in public administration. He has two children who are lawyers. For aught appearing, there has been no attempt by Deutcsh's family to have him declared incompetent by a court having jurisdiction over such a proceeding. Although a state criminal court dismissed criminal charges against Deutcsh on December 27, 1995, after finding that Deutcsh was not competent for the purpose of criminal prosecution, that finding is not binding on this court, particularly in a civil case where the issue is not competency to stand trial but, rather, the obligation of this court to appoint a guardian ad litem. There is no procedure, state or federal, for appointing a guardian ad litem in a criminal case. Deutcsh's counsel correctly points out that plaintiffs in the instant case

seek punitive damages of Deutcsh, a fact that may create "due process" concerns, inasmuch as the competency of a criminally accused implicates "due process." A person subject to possible punishment in the form of punitive damages may be just as incapable of cooperating with his counsel and, thus, of protecting himself from punitive sanctions or conducting settlement negotiations toward that end as a person subject to possible criminal sanctions. Still, as previously stated, the ability of an allegedly incompetent civil defendant to cooperate with counsel would not be enhanced by the appointment of a guardian ad litem, unless such an appointment could trigger sympathy for him by the jury. It is axiomatic that sympathy is not a factor that should be allowed to influence a jury.

This court finds no binding authority requiring the appointment of a guardian ad litem under circumstances like these, and it has been pointed to no such authority. Deutcsh's best protection in this case is his representation by competent counsel and the obligation of his former employer, City of Birmingham, to indemnify him against any liability which may arise out of what he is alleged to have done or failed to do within the line and scope of his employment as police chief of the City. Although the question of whether the City has an obligation to pay any punitive damages assessed against Deutcsh may be debatable, that question must await future resolution and, then, only if Deutcsh should be

4

found liable.

### **Fifth Pertinent Fact**

Through counsel who have represented Deutcsh strenuously and well throughout this long case, Deutcsh has taken or joined in one or more appeals to the Eleventh Circuit. In several instances, Deutcsh took or joined these appears after the state court dismissed criminal charges against him on the ground of his incompetency. An incompetent person cannot authorize attorneys to represent him. Therefore, if Deutcsh was incompetent, his counsel's purported appearance in the Eleventh Circuit was ineffectual and, perhaps, improper. While Deutcsh was appearing, or purporting to appear, in the Eleventh Circuit, his counsel could, of course, have sought of the Eleventh Circuit the same relief it previously sought and currently seeks from this court, namely, a determination of incompetency. However, Deutcsh's counsel chose not to present the matter to the Eleventh Circuit. If it is possible to establish judicial estoppel that a person is, in fact, competent or that he is precluded from insisting that a guardian ad litem be appointed for him, then that doctrine applies in this case.

The question of whether Deutcsh, with or without a guardian ad litem, can be subjected to punitive damages despite being unable to cooperate satisfactorily with his counsel is a question that

has not been presented. This court does not rule upon hypothetical questions.

### Conclusion

An appropriate order denying the motion will be entered separately.

DONE this 23rd day of January, 1998.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

6