IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VALINDA F. OLADEINDE, | ) | |
| Plaintiff and Counterclaim defendant | ) ) ) ) | CIVIL ACTION NO. 91-AR-0196-S |
| PATRICIA FIELDS, | ) ) | |
| Plaintiff | ) ) | **ENTERED** |
| VS. | ) ) | AUG 4 1998 |
| CITY OF BIRMINGHAM | ) ) | |
| Defendant and Counterclaimant | ) ) ) | |
| ARTHUR DEUTCSH, | ) ) | |
| Defendant | ) ) | |
| JULIUS WALKER, | ) ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

On August 3, 1998, defendant, City of Birmingham ("City"), filed a rancorous 22-page (not counting exhibits) motion to reconsider and to amend the court's order and memorandum opinion of July 29, 1998.

The City begins this latest post-trial motion by saying that it "is deeply troubled." It then puts "the Court and plaintiff on notice that it considers the plaintiff's request for injunctive relief [relief already granted by the court] ... to be so patently

1



frivolous that the City would be entitled to fees ...." (emphasis supplied). This statement is quickly followed by a true display of bravado. The City promises that it will prevail on appeal if this court does not capitulate. This is the City's unequivocal language on this subject: "once it [the City] has prevailed in an appellate court"; and "after the City has prevailed in the appellate proceedings." Once its guaranteed success has taken place in some unnamed appellate tribunal, the City says that it will expect this court to recuse himself. Why the City is not now demanding a recusal so that it can obtain an unbiased judge to rule on its current motion goes unexplained. If this court were still a lawyer and thought the judge to whom his case is assigned was so biased as to be responsible for having cost his client untold amounts in attorneys fees, he hopes he would prefer to get rid of the judge even if he had to give up future attorneys fees.

This court is itself "deeply troubled." It listened to Mr. Watkins, counsel for defendants Deutcsh and the City, in his closing jury argument, begin by saying:

> LADIES AND GENTLEMEN OF THE JURY, I WANT TO FIRST THANK JUDGE ACKER. IT'S ALWAYS A PLEASURE TO BE IN YOUR COURT, JUDGE, AND I APPRECIATE THE FAIRNESS THAT YOU'VE SHOWED ALL SIDES AND BOTH SIDES.

At the time the court heard these kind words, the court felt good. The court was sincere in believing that counsel was sincere. It now appears possible, if not probable, that Mr. Watkins's expression of appreciation for the court's fairness was, if not a

2

forensic mistake, a disingenuous remark made only for jury effect.

Without a recusal motion before it, the court respectfully declines to recuse *sua sponte*, unintimidated and confident n<u>ot</u> in its infallability but in its open-mindedness and, to quote Mr. Watkins, in its "fairness to both sides" in this case. This whole case is about intimidation, the perfect example being the former female police officer, Jo Day, who was Oladeinde's and Fields's alleged confidential informant, and who they promised to protect, and who came across as a terrified witness, perhaps plaintiffs' best witness, although called to the stand by defendants.

The City's strident motion is basically a recapitulation of its closing jury argument and its briefs in support of its motions under Rule 50, some of which the jury was not asked to pass on, and some of which the court rejected, believing that the promotion of Oladeinde was necessary in order to conform Oladeinde's requested equitable relief against the City with the jury verdict against Deutcsh.

The City's motion will be denied by separate order. The court hopes that the City's counsel will promptly give the appellate court the opportunity to make good quickly and easily on counsel's promise by agreeing with all of their arguments and ending a seven-year-old case which the City has taken to the Eleventh Circuit an average of once a year already. This court wonders how the City's counsel will simultaneously look after both the interests of the

3

client that is paying them, the City, and the irreconcilably conflicting interests of their other client, Deutcsh. Counsel's conflict-of-interest in undertaking to represent both the City and Deutcsh <u>at trial</u> was mild and tolerable, compared with the conflict with which the City's and Deutcsh's counsel will be faced when their promised notices of appeal are filed, or when one appeal is filed for the City and one is not filed for Deutcsh.

    DONE this 4TH day of August, 1998.

                                          WILLIAM M. ACKER, JR.
                                          UNITED STATES DISTRICT JUDGE