IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 AUG -6 PM 3: 25
U.S. DISTRICT COURT
N.D. OF ALABAMA

VALINDA F. OLADEINDE, )
 )
    Plaintiff and )  CIVIL ACTION NO.
    Counterclaim defendant )
 )  91-AR-0196-S
PATRICIA FIELDS, )
 )
    Plaintiff )
 )
VS. )
 )
CITY OF BIRMINGHAM )
 )
    Defendant and )
    Counterclaimant )
 )
ARTHUR DEUTCSH, )
 )
    Defendant )
 )
JULIUS WALKER, )
 )
    Defendant )

ENTERED
AUG 6 1998

## MEMORANDUM OPINION

The motion filed by the City of Birmingham on August 5, 1998, is beyond belief. The City asks this court to stay the enforcement of the injunction that orders the promotion of Valinda Oladeinde pending an as-yet unfiled appeal. The City would excuse itself from proffering a supersedeas bond. As authority for this proposition, the City cites a <u>portion</u> of Rule 62(c), F.R.Civ.P. It leaves out, apparently deliberately, the most important phrase in Rule 62(c). The City argues:

>Rule 62(c) of the Federal Rules of Civil Procedure specially provides that "when an appeal in taken from an

1

interlocutory or final judgment granting, dissolving, or denying an injunction, the district court may suspend, modify, restore or grant an injunction during the pendency of the appeal ....

The sentence in Rule 62(c), <u>including its crucial final phrase</u>, conspicuous by its absence in the City's motion, says:

When an appeal is taken from an interlocutory of final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal <u>upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party</u>.

(emphasis supplied). In other words, a suspension of the enforcement of an injunction during the pendency of an appeal <u>cannot</u> occur <u>unless</u> the rights of the adverse party are appropriately secured.

Rule 62(a) says:

Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. <u>Unless otherwise ordered by the court</u>, an interlocutory or <u>final judgment in an action for an injunction</u> or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, <u>shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal</u>.

(emphasis supplied).

The reason the court's injunctive order contained a delay in its implementation for 90 days was to exempt the City from the immediacy of enforcement as provided by Rule 62(a). The court wanted to give the City ample time within which to perfect an

2

appeal without having to promote Oladeinde in the meanwhile; however, the court did not intend to relieve the City from its obligation to request court approval of a supersedeas bond for the purpose of protecting Oladeinde from loss in the event the City's appeal should prove unsuccessful.

The City continues its audacious behavior by asserting that "there is an overwhelming likelihood that the City will prevail on the merits on appeal." Admittedly, this is somewhat of a retreat from the guarantee of appellate success contained in the City's motion of August 3, 1998. A more audacious and bizarre assertion by the City is found in paragraph 3 of its motion:

> "Because the City's request for a stay is designed only to protect the status quo while the Eleventh Circuit examines the merits of this dispute, <u>a stay will not adversely affect any party to this action</u>."

(emphasis supplied). The adjectives "audacious" and "bizarre" may not do this assertion justice.

The City cites *Moore's Federal Practice* in piecemeal fashion as authority for allowing an injunction to be suspended pursuant to Rule 62(c). In fact, the following accurately recounts <u>everything</u> that Professor Moore says about the suspension of non-money judgments pending an appeal:

> Since the purpose of requiring a bond is to assure that if the appeal is unsuccessful there will be adequate funds available to pay the judgment, the Rule 62 stay is best suited for cases in which money judgments are involved. <u>The application of the automatic stay to cases involving non-money judgments, therefore, has been found to be an ill-suited remedy in certain situations. Nevertheless, courts have granted stays in certain cases in which the appeal is not from a money judgment as long as the court finds that the bond will protect the winner</u>

3

> from subsequent harm during the appellate delay.
> However, when the posting of a bond will not protect the
> rights of the non-appealing party, even if the appealing
> party is willing to post a bond, the stay will not be
> granted.

12 *Moore's Fed. Prac.* ¶ 62.03(3)(b) (3d ed.) (emphasis supplied).

Obviously, in cases when non-monetary relief has been granted, some courts exercise their discretion by refusing to order a stay, even though the obligor under the injunction may offer to supersede. Although it may come as a surprise to the City, this court keeps an open mind on the subject. However, the court will deny the City's present motion without prejudice to its seeking the same stay pending an appeal *provided* its renewed motion for a stay is accompanied by the proffer of a supersedeas bond to be posted by the City in a sufficient amount both to protect Oladeinde against potential loss from an erroneous non-promotion and to cover her prospective attorneys fees to be assessed against the City under current circumstances. The court will of course, conduct a hearing on the appropriate amount of bond and the sufficiency of the sureties.

Because the City has promised an appeal, because other defendants may also appeal, and because prevailing parties' attorneys fee requests cannot be resolved until the outcome of an appeal or appeals, the court will, by separate order, stay the requirement for filing motions for attorneys fees in accordance with Rule 54(d)(2)(B), F.R.Civ.P.

DONE this  6th  day of August, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE