IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VALINDA F. OLADEINDE, )
)
    Plaintiff and )    CIVIL ACTION NO.
    Counterclaim defendant )
) 91-AR-0196-S
PATRICIA FIELDS, )
)
    Plaintiff )
)
VS. )
)
CITY OF BIRMINGHAM )
)
    Defendant and )
    Counterclaimant )
)
ARTHUR DEUTCSH, )
)
    Defendant )
)
JULIUS WALKER, )
)
    Defendant )

FILED

98 AUG 26 PM 3:10

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

AUG 2 6 1998

## MEMORANDUM OPINION

The court has before it a new series of defendants' motions. The court will discuss them separately.

### "Renewed Motion of the City of Birmingham for Stay Pending Appeal"

*Inter alia*, this motion says: "[W]e believe that injunctive relief against the City is wholly inappropriate and that the City will eventually prevail in this regard on appeal." Upon this hopeful assumption, about which the court has already expressed serious doubt, the City would have the injunction suspended without supersedeas as "a reasonable request." The court again respectfully disagrees with the City. The court would not have

1

imposed the injunction if it had thought that it was committing egregious and wanton error. The court thought that this point had already been made. The court's belief in its powers of communication is on the wane.

The City next says that despite its assurance of appellate victory, it "is willing to post a supersedeas bond in a sufficient amount to cover the lost pay, wages, or benefits Oladeinde may experience if the City loses its appeal." This is the first time the City has acknowledged the outside possibility that it may lose. Of course, the City is only stating a way-out hypothetical, but it proceeds to suggest that a "bond in an amount of $25,000 should be more than enough to cover this contingent liability."

The $25,000 suggestion for a stay of the injunctive relief granted Oladeinde, considering the differential in pay between a sergeant's rank and a lieutenant's rank and the time for processing the appeals, seems to the court to be within the realm of reasonableness. But the City was also taxed with court costs, which include the reasonable cost of the assistance provided the court by attorney Frank Bainbridge under special appointment. It is difficult to quantify the intangibles such as possible lost opportunities that might result from the interim failure to promote Oladeinde. Last but not least, the length of the time during which the appeals will be pending, and thus the stay, will depend not only on how long it takes the voluminous record to be prepared and considered by the Eleventh Circuit, but on the number of appeal

points presented by three separately appealing defendants, all of whom have raised myriad issues in this court. And, the City has already proven itself capable of petitioning for certiorari to the Supreme Court. The court assumes that the City proposes both not to promote Oladeinde and not to pay the court costs pending the appeal. To provide perhaps less than full protection during a stay but enough to cover predictable loss, the amount of a supersedeas bond for the City will be fixed at $50,000, and until such a bond is posted and approved, the City's motion for a stay will be denied.

As of now, no attorneys fees have been determined for plaintiff Oladeinde and taxed against the City. In the event attorneys fees are assessed against the City in favor of Oladeinde and reduced to judgment while the City's appeal is in progress (a matter over which this court retains jurisdiction), the court will at that time consider Oladeinde's request, if she makes one, to increase the amount of the City's supersedeas bond. By saying this, the court does not mean to invite a fee petition. In fact, a fee petition at this juncture probably will be shelved until all appeals are complete.

### Arthur Deutcsh's "Renewed Motion to Stay"

Chief Deutcsh has already filed his notice of appeal. In his motion for a stay, he asserts that he is seeking indemnity from the City and, on that basis, should be relieved from any obligation to pay Oladeinde's judgment against him while his appeal is pending.

Rule 62(a), F.R.Civ.P., does not contemplate a judgment debtor's claim for indemnity against a solvent third party as a substitute for a supersedeas bond. It may very well prove to be correct that the City is obligated to indemnify Deutcsh, but under the circumstances Deutcsh's request for a stay is due to be denied unless and until he offers supersedeas.

### Julius Walker's "Motion to Stay"

Like Chief Deutcsh's motion, the fact that the City may be obligated to indemnify Captain Walker does not provide a way around the mandate of Rule 62(a). Walker's motion will therefore be denied.

### "The City's Motion to Correct Court's Memorandum Opinion and Order Dated August 19, 1998"

This "motion" by the City is in reality a brief in response to the court and to "Plaintiffs' Consolidated Argument on Pending Post-Judgment Matters." The only part of the City's brief to which the court will respond is the City's continued insistence that Mayor Arrington was the City's final decisionmaker for the purposes of assessing § 1983 liability, even though he had been eliminated by the Eleventh Circuit in 1992 as a defendant, both in his individual and <u>in his official capacity as Mayor</u>. At the time the four defendants submitted their proposed jury charges, including charges to the effect that Mayor Arrington (not then a defendant) was, as a matter of law, the only binding policymaker for the City under § 1983 analysis, the court, whether or not having by this

4

time caught the City's paranoia, sensed a squeeze play in progress and made a choice as to which base to slide to. Whether the court got under the City's glove will be a matter for the Eleventh Circuit to determine.

Incidentally, two enlightening recent cases on the degree of protection provided by § 1983 to a public employee for his expression are *Hoover v. Morales*, ___ F.3d ___ (5th Cir.), 1998 WL 377933, and *Button v. Kibby-Brown*, ___ F.3d ___ (7th Cir.), 1998 WL 338231. These opinions by two respected jurists delineate very well what kinds of public-employee speech are protected and what are not.

### "Defendants' Joint Motion to Reconsider And Vacate Court's Order Dated August 13, 1998"

It will be unnecessary for the court to rule on this motion if the motion's own prediction of an imminent settlement of the sanctions question proves correct. The court will not look any gift horses in the mouth in this case unless a horse looks like one of the Trojan variety. The court hopes to be able to use the "MOOT" stamp both on this motion and on the motion for sanctions by 4:30 P.M. on August 28, 1998.

DONE this 26th day of August, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5