FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

9C DEC 22  PM 3: 30

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| VALINDA F. OLADEINDE, | ) |
| | ) |
| Plaintiff and | ) |
| Counterclaim defendant | ) |
| | ) |
| PATRICIA FIELDS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| CITY OF BIRMINGHAM | ) |
| | ) |
| Defendant, | ) |
| Counterclaimant and | ) |
| Garnishee | ) |
| | ) |
| ARTHUR DEUTCSH, | ) |
| | ) |
| Defendant | ) |
| | ) |
| JULIUS WALKER, | ) |
| | ) |
| Defendant | |

CIVIL ACTION NO.

91-AR-0196-S

ENTERED

DEC 2 2 1998

## MEMORANDUM OPINION

On December 18, 1998, this court conducted a hearing in which lawyers, David Long ("Long") and Kenneth Thomas ("Thomas"), were called upon to show cause, if they could do so, why they should not be disqualified respectively from representing defendants, Arthur Deutcsh ("Deutcsh") and Julius Walker ("Walker") in said defendants' claims of indemnity against defendant-garnishee, City of Birmingham ("City"). There are several facts pertinent to resolving this question of disqualification.

1

507

Plaintiffs, Valinda Oladeinde ("Oladeinde") and Patricia Fields ("Fields"), obtained not inconsequential money judgments in the above-entitled case against Deutcsh and Walker and are attempting to collect. Deutcsh and Walker have appealed the said judgments without superseding.   Meanwhile, however, Deutcsh and Walker have called upon the City to indemnify them, meaning that Deutcsh and Walker are demanding that the City either pay the judgments or join them in obtaining supersedeas bonds to head off plaintiffs' collection efforts pending appeal.   Thomas, a lawyer licensed to practice in this court, has represented Walker from the time the complaint was initially filed in 1991, and is now representing him both in his pending appeal to the Eleventh Circuit and in his efforts to obtain indemnity from the City.   Thomas has always been compensated, and is now being compensated, only by the City.   Thomas was chosen by the City to represent Walker and has worked closely with the attorneys for the City throughout the proceedings, including several earlier appeals to the Eleventh Circuit.   In fact, it was difficult at times, if not impossible, for the Court to detect any difference whatsoever between the positions taken on behalf of the City and the positions taken by Walker, that is, until the post-judgment indemnity issue arose.

Long, a lawyer licensed to practice in this court, has represented Deutcsh only post-judgment, after lawyers Donald Watkins ("Watkins") and Joseph Whatley ("Whatley"), counsel for the

2

City and for Deutcsh throughout the proceedings, were granted leave to withdraw from representing Deutcsh because of the worrisome conflict-of-interest that had reached intolerable proportions. Watkins and Whatley both continue to represent the City without attempting to make any distinction between their representation of the City in its capacities as a judgment creditor, as the subject of an injunction, as appellant, and as garnishee and alleged indemnitor.    After Long was selected by the City to replace Watkins and Whatley in the representation of Deutcsh, Long has been compensated only by the City.  It was Long who filed the notice of appeal on behalf of Deutcsh and who has called upon the City to indemnify Deutcsh.

The court paraphrases as follows  the pertinent canons of legal ethics: "A lawyer cannot accept payment from any entity other than his or her client unless the consent of the client is expressly obtained after a full understanding by the client of all facts bearing on the wisdom of such a course of action from the viewpoint of the client, and, even then, cannot proceed under such an arrangement if it in any way compromises or interferes with the full and complete loyalty and commitment by the lawyer to represent exclusively the interest of the client."   These principles are pervasive throughout the United States, including this court, and are vitally necessary to the successful working  of the adversary system.

3

There is another complicating circumstance in this case.   The court has spent considerable time and effort dealing with the suggestion from time to time coming from Deutcsh's prior counsel that Deutcsh is incompetent.   At the present time Long has obtained the written consent of Deutcsh for Long to accept compensation from the City, such consent having been signed both by Deutcsh and by Mrs. Deutcsh, who is described therein as Deutcsh's "guardian", but without any indication that Mrs. Deutcsh actually has letters of guardianship or that any court authorized to determine competency in Alabama has adjudicated Deutcsh to be incompetent.   Either Deutcsh is competent and can therefore consent,  or he is incompetent and no one can consent for him in order to comply with the applicable rule of ethics requiring consent for his lawyer to accept compensation from a third party. During the hearing on December 18, Deutcsh himself, upon being asked by the court what he thinks about the situation, said, in effect, that he does not understand it.   The fact that Deutcsh has not been judicially declared incompetent is not dispositive of the issue of his competency, but the fact that his lawyers have continued to represent him throughout the case and now have obtained his consent to be compensated by the City, reenforces this court's earlier conclusion that Deutcsh does not require a guardian ad litem and that Deutcsh sufficiently understands the significance of the proceedings and of his situation in order for the case to

4

pass "due process" muster vis-a-vis Deutcsh without the appointment of a guardian or a guardian ad litem. Therefore, the court will not examine the question of the propriety of Long's representation of Deutcsh against the City any differently from the court's examination of the representation of Walker by Thomas against the City.

On December 18 the court was already aware that the City had denied Deutcsh's and Walker's claims of indemnity. These denials are attached as Exhibits "A", "B", and "C" and are included as findings of fact. However, at the hearing on December 18 two important additional facts were revealed for the first time. The first is that Deutcsh and Walker, through Long and Thomas, appealed the City Attorney's denial of indemnity to the City's Mayor and that the Mayor, without conducting a hearing, affirmed the City Attorney's decision to deny indemnity. The second is that Deutcsh and Walker, after the Mayor's said decision, entered into written agreements with the City by which the pursuit of indemnity would be placed "on hold." Copies of the virtually identical agreements are attached hereto as Exhibits "D" and "E" and included as findings of fact. Some of the language in the agreements is enigmatic, leaving the court somewhat confused as to how totally Long and Thomas are committed to their clients. For instance, at the hearing, Watkins argued that Walker and Thomas had given up the right to pursue all possible avenues for obtaining indemnity, in

5

particular the avenue provided by this court's ruling that it has
jurisdiction over the indemnity issue.   Long and Thomas, however,
assured the court, and have satisfied the court, that they believe
that the facts and law will support their clients' respective
claims that the City owes them indemnity, and that they will pursue
the claims against the City, even if it requires supporting this
court in any appeal by the City from this court in the event this
court should not only continue to hold that it has jurisdiction
over the indemnity issue, but should hold that Deutcsh and/or
Walker, on the merits, are indemnified by the City and must pay
plaintiffs' judgments or join in superseding them.

It is not always easy to evaluate the ability of a particular
lawyer to represent his client, with or without a possible
conflict-of-interest.   This court, after careful search, has not
found a single case in which a court has approved the compensation
of a lawyer by a separate entity against whom that lawyer's client
is pursuing a claim,  even with the written consent of the client.
In this case of first impression, however, this court concludes
that this is a unique case in which such a strange arrangement can
be permitted.   There are two basic reasons for this court's
conclusion.  The first is not the letter opinion obtained by Long
and Thomas from the Alabama Bar Association.  That opinion does no
more than to repeat the applicable canons.   The first real reason
is that the lawyers here involved have years of experience, are

lawyers of proven integrity and ability, and when, as officers of this court, they tell the court unequivocally that they can unwaveringly represent their clients on their claims of indemnity against the City while being paid by the City (in other words, that they can bite the hand that feeds them), the court believes them. In this case it is more likely that the City will be afraid to stop feeding the hands that bite them than that those being fed will stop biting.  In other words, the City's problem may eventually be bigger than and problem that Deutcsh and Walker have, particularly as Long's and Thomas' fees mount.  Second, Deutcsh and Walker have agreed to this peculiar arrangement, undoubtedly for their own financial reasons, and the court is now satisfied that the written consents were executed voluntarily and with sufficient understanding of the overall situation and of the potential for disaster.  Despite its conclusion, the court sincerely hopes it is never again confronted by such an anomalous and contorted situation.

The court notes that on December 18 Watkins purported to speak on behalf of the City in its capacity as alleged indemnitor, after having earlier represented Deutcsh at trial and on his earlier appeals, and having thus fully participated in the proceedings that resulted, whether or not erroneously, in the verdict and judgment against Deutcsh upon which Deutcsh claims indemnity against the City.  In other words, the court detects a very real conflict-of-

7

interest in Watkins' and Whatley's representing the City as alleged indemnitor after they participated in the case on behalf of Deutcsh, the alleged indemnitee, and having participated in creating the transcript upon which the City bases its denial of indemnity.   It is for this reason that the court has insisted on the City Attorneys' office appearing for the City in its capacity as alleged indemnitor and garnishee.   The City Attorney's office remains equivocal. It is impossible for the court to tell which lawyers for the City are calling the shots for it on the indemnity questions.  When the City Attorneys' office did not show up for the hearing on December 18, the court interrupted the proceedings to await the appearance of William Pate, the lawyer in the City Attorneys' office who wrote the letters denying indemnity.   See Exhibits "A", "B", and "C" attached. Henceforward the court will require either a member of the City Attorneys' office or some lawyer licensed to practice in this court other than Watkins and Whatley to represent and speak for the City in its capacities as garnishee and alleged indemnitor.

A separate order consistent with these findings and conclusions will be entered.

DONE this ___22ⁿᵈ___ day of December, 1998.

_William M. Acker_

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

8



**CITY OF BIRMINGHAM**

**DEPARTMENT OF LAW**
710 - North 20th Street
Room 600 City Hall
BIRMINGHAM, ALABAMA 35203-2290

(205) 254-2369
FAX (205) 254-2502

DEMETRIUS C. NEWTON
CITY ATTORNEY

WILLIAM M. PATE, JR.
CHIEF ASSISTANT CITY ATTORNEY

MILFORD G. BASS, JR.
THOMAS BENTLEY, III
PATRICIA C. BURNS
JOHN M. EDENS
MICHAEL M. FLIEGEL
JEFFREY P. GILLIAM
CHARLES L. HUGHES
JAMES D. LOVE
KAREN MCLAIN
MICHAEL MELTON
DEBORAH MONTGOMERY
ROWENA TEAGUE
L. H. WARREN
CHARLES H. WYATT, JR.

JACQUELINE D. BELCHER
CLAIMS ADMINISTRATOR

October 5, 1998

Honorable Judge William M. Acker
Hugo Black United States Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203

Re:   *Oladeinde v. City,* CV91-AR-0196-S

Dear Judge Acker:

I understand that you have inquired into the status of the City Attorney's determination regarding indemnity for City employees in the case of *Oladeinde v. City of Birmingham,* CV91-AR-196-S. As you are aware, I have been assigned by the City Attorney, Demetrius C. Newton, to research and develop an opinion on these questions.

Indemnification is guided by § 2-4-11, General Code of the City of Birmingham, 1980. A copy of that section is attached. Each determination of indemnity must be made on its own facts. Facts must be examined at the start of litigation, during litigation, and at the conclusion of litigation. Based on the legal position of Mr. Deutcsh and Mr. Walker representation was believed to be appropriate. Now, during this litigation, a re-determination appears appropriate.

Initially, I have determined that indemnity is now doubtful under the ordinance based on a plain reading of the <u>Special Jury Interrogatories and Verdicts</u>. These jury determinations appear to find that all awarded damages were as a result of intentional act which would be, by definition, outside the line and scope of the employment of Mr. Walker and Mr. Deutcsh.

*EXHIBIT "A"*

8 1.1

Hon. William M. Acker
Page 2
October 5, 1998

In order to be fully protective of the indemnity rights of Mr. Deutcsh and Mr. Walker, I have requested a trial transcript as well as any other material attorneys for these employees desire to submit. This transcript is nearing completion.

Indemnity determinations by this office are appealable to the Mayor and City Council. A final determination can only be made at the close of this case.

Sincerely,

William M. Pate Jr.
Assistant City Attorney

WMPJr/lr
Enclosure

§ 2-411. City representation and indemnification in civil actions arising out of performance of public duties.

I. *Authorized.* (a) Except as hereinafter excluded or otherwise limited, the City of Birmingham (the city) shall provide legal representation for its officers, members of city boards and agencies, and employees and shall indemnify such persons with regard to such civil claims as such persons may be legally obligated to pay where the incident or occurrence giving rise to such representation or payment was one arising out of and within the line and scope of their employment for or engagement on behalf of the city.

(b) The provisions of (a) above shall specifically be inapplicable to members of the following boards and agencies:

(1) The Water Works Board of the City of Birmingham;

(2) Birmingham Board of Education;

(3) The Birmingham Parking Authority;

(4) The Housing Authority of the Birmingham District;

(5) The Public Building Authority of the City of Birmingham;

(6) The Airport Authority;

(7) The Public Park and Recreation Board of the City of Birmingham;

(8) The Birmingham Trademart Authority;

(9) The Industrial Water Board of the City of Birmingham;

(10) The Housing Finance Corporation of the City of Birmingham;

(11) Any Special Care Facilities Financing Authority of the City of Birming-

(12) The Birmingham Transit Authority;

(13) Any Medical Clinic Board;

(14) Any joint authority or board with Jefferson County or any other municipality unless the city is otherwise obligated to provide representation or indemnification by agreement or law.

II. *Representation by City Attorney.*

(a) The city attorney shall, upon request in writing by any of the persons identified and described in I(a) above, undertake legal representation or defense, without charge, of any such persons with respect to any civil claim or civil cause of action arising out of and within the line and scope of the employment or engagement of such persons; provided, however, that where the city attorney shall determine that a conflict exists by reason of the legal obligation of the city attorney to represent, actually or potentially, any other party to the claim or cause of action, or where, in the judgment of the city attorney, the nature of the case or workload of the law department indicates the interest of any such persons and/or the city would be better served by the engagement of outside counsel for any such persons, the city attorney will, in consultation with such persons, seek the retention of appropriate counsel on a fee arrangement satisfactory to such counsel and the city.

(b) Every such person who is involved in an accident, occurrence or incident which has or may result in a claim for the personal injury or property damage being asserted against such person and/or the city shall report same to his department or board or agency head as soon as possible thereafter in writing on forms furnished for this purpose. A copy of each such report shall be forwarded immediately to the law department along with a copy of any police accident or incident report. Any claim or demand, whether written or oral, made upon any such person as a result of any such accident or incident must be reported and forwarded to the law department of the city as soon as received.

Any suit papers received by or served upon any such person as the result of such accident or incident must be delivered immediately to the law department if representation as provided herein is sought by such person.

(c) The city attorney shall not provide counsel for any such person nor shall the city be financially responsible as a result of any liability incurred by such person where it appears either prior to or during litigation that:

1. The occurrence involved was willfully, maliciously, wantonly or intentionally caused by or at the direction of such person; or

2. Any such person against whom a claim or suit is asserted refused to cooperate with the attorneys for the city in investigating the claim or suit, in making a settlement, or in defending a lawsuit; or

3. Such person makes an admission of liability; or

4. Such person unilaterally makes an agreement to settle a claim or suit, or otherwise enters into collusion with the person or persons asserting a claim or suit against such person and/or the city; or

5. Where such person was not acting in good faith nor under the reasonable belief that his actions were in the best interest of the city nor in the furtherance of the official practices and policies of the city; or

6. Where the occurrence was not within the line and scope of the authority of the person so acting; or

7. The act involved occurred while such person was engaged in the employ of one other than the City of Birmingham, and such act was not performed as a part of or in the regular course of employment with or an engagement for the city.

(d) The city attorney shall determine whether or not a claim or suit filed against any such person meets the requirements specified herein for providing defense for or indemnification of such person. If a determination is made that a claim or suit does not meet the requirements specified herein, the city attorney shall so inform such person in writing; and such person may, within five (5) days, appeal such determination to the mayor, who, after interviewing such person, shall determine whether representation and indemnification shall be provided by the city.

III. *Indemnification.* Any such person who is held liable for the payment of any claim, settlement, judgment, expense, cost or award of attorney's fees arising out of such civil action, or who incurs attorney's fees by reason of his authorized retention of independent counsel in defense of any such claim, shall be entitled to indemnification, as provided herein, in all suits and claims determined by the city attorney, subject to the approval of the mayor, not to have resulted from prohibited activities as set forth above, subject to the following limitations and provisions:

(a) The city's obligation hereunder to pay on behalf of any such person claims or moneys damages arising out of any one (1) occurrence shall not exceed $25,000 to any one (1) person and $50,000 aggregate to two (2) or more persons for personal injury and shall not exceed $10,000 in property damage, unless a greater amount is approved by majority vote of the city council; and in no event shall the city's obligation exceed the maximum statutory limits of liability established for the city by state law.

(b) The city shall have the right in any such action to make such investigations and settlements of any such claim or suit against any such person as the city deems expedient.

(c) Nothing in this section shall be construed as waiving the city's defense of governmental immunity or any other legal defense where such defense exists in any action brought against the city, and/or any such persons, nor shall this section be deemed as, or construed to be, a policy of insurance.

## IV. *Insurance.*

(a) City employee operators of city vehicles may obtain "Driver Other Car" riders to their individual private automobile liability insurance policies to protect them in all cases whether covered, not covered or specifically excluded herein; and the city will reimburse such employee for the premium cost of such "Other Car" insurance rider up to $15 per annum; and where the annual premium for such insurance exceeds $15, the finance director is hereby authorized, upon the employee's request, to reimburse such employee for all or part of such excess amount as the finance director may deem reasonable. In the event such insurance coverage is so obtained, it shall be primary and the undertaking of indemnification provided by the city herein shall be limited solely to that amount by which any judgment entered against said employee exceeds the coverage provided by that insurance, subject to all limitations and exclusions contained herein.

(b) Upon application made to it by a city board or agency included in this section, or upon its own initiative, the council may, if funds are available therefor, authorize by resolution the purchase of liability or other protective insurance for members of such city boards or agencies where the council determines that (1) the risks involved are such that the city would be better advised to purchase insurance coverage against such risks, and (2) the premium costs are small in relation to such risks and possible monetary exposure of the city. (Ord. No. 81-981, 6/2/81, Secs. I—III, as amended by Ord. No. 84-32, 3/20/84; Ord. No. 87-32, 3/10/87)

Editorial Note: Ord. No. 81-91, 6/2/81, did not specifically amend this Code; hence inclusion of §§ I—III as sec. 2-4-11 was at the discretion of the editor. For convenience' sake, the editor has also supplied italic subcatchlines.



# CITY OF BIRMINGHAM

### DEPARTMENT OF LAW
710 - North 20th Street
Room 600 City Hall
BIRMINGHAM, ALABAMA 35203-2290
(205) 254-2369
FAX (205) 254-2502

DEMETRIUS C. NEWTON
CITY ATTORNEY

WILLIAM M. PATE, JR.
CHIEF ASSISTANT CITY ATTORNEY

MILFORD G. BASS, JR.
THOMAS BENTLEY, III
PATRICIA C. BURNS
JOHN M. EDENS
MICHAEL M. FLIEGEL
JEFFREY P. GILLIAM
CHARLES L. HUGHES
JAMES D. LOVE
KAREN MCLAIN
MICHAEL MELTON
DEBORAH MONTGOMERY
ROWENA TEAGUE
L. H. WARREN
CHARLES H. WYATT, JR.

JACQUELINE D. BELCHER
CLAIMS ADMINISTRATOR

November 13, 1998

David Long, Esq.
Sirote & Permutt, P.C.
2222 Arlington Avenue South
P. O. Box 55727
Birmingham, Alabama 35255-5727

Re:   Arthur Deutcsh

Dear Mr. Long:

This letter is written to communicate to you my determination on the subject of indemnity by the City of Birmingham, of your client, Mr. Arthur Deutcsh, in the case of *Oladeinde vs. City of Birmingham*, CV91-AR-196-S. As you are aware, an agreement had been reached whereunder the City would withhold its decision on this matter pending further evidence to be submitted on behalf of Mr. Deutcsh. Specifically, the trial transcript was to be prepared and submitted for my review along with such other information as you desired to submit. My understanding is that, because of other pressing duties, the reporter has not managed to complete the transcript at this time. I further understand that Judge Acker has required that the city complete its decision by this date.

Based upon the jury's answers to the Special Interrogatories to the Jury, I have no possible alternative except to deny indemnity in this case and do so hereby. Based on the clear jury findings, the acts of Mr. Deutcsh were undeniably outside of the line and scope of his employment with the City of Birmingham and were intentional acts intended to inflict wrongful injury. Unless this finding is reversed, the City cannot indemnify Mr. Deutcsh under Alabama Law.

Despite the fact that this determination is made as a final determination of denial as required by Judge Acker's order, I would offer, if allowed by the Court, to review the transcript if such action is appropriate and modify my determination if warranted. Further, you should be aware that the City Code allows for appeal of this decision to the

*Exhibit "B"*

Birmingham City Council.

David Long, Esq.
Page 2
November 13, 1998

Please call on me if I can be of further assistance.

Very truly yours,

William M. Pate Jr.
Assistant City Attorney

WMPJr/lr
cc:     Judge William M. Acker Jr.
        Gayle Gear, Esq.
        Joe Whatley



# CITY OF BIRMINGHAM

### DEPARTMENT OF LAW
710 - North 20th Street
Room 600 City Hall
BIRMINGHAM, ALABAMA 35203-2290
(205) 254-2369
FAX (205) 254-2502

MILFORD G. BASS, JR
THOMAS BENTLEY, III
PATRICIA C. BURNS
JOHN M. EDENS
MICHAEL M. FLIEGEL
JEFFREY P. GILLIAM
CHARLES L. HUGHES
JAMES D. LOVE
KAREN MCLAIN
MICHAEL MELTON
DEBORAH MONTGOMERY
ROWENA TEAGUE
L. H. WARREN
CHARLES H. WYATT, JR.

**DEMETRIUS C. NEWTON**
CITY ATTORNEY

**WILLIAM M. PATE, JR.**
CHIEF ASSISTANT CITY ATTORNEY

JACQUELINE D. BELCHER
CLAIMS ADMINISTRATOR

November 13, 1998

Kenneth L. Thomas., Esq.
Thomas, Means & Gillis, P.C.
P. O. Drawer 370447
Birmingham, Alabama 35237-0447

Re:   Robert Walker

Dear Mr. Thomas:

This letter is written to communicate to you my determination on the subject of indemnity by the City of Birmingham, of your client, Mr. Robert Walker, in the case of *Oladeinde vs. City of Birmingham*, CV91-AR-196-S. As you are aware, an agreement had been reached whereunder the City would withhold its decision on this matter pending further evidence to be submitted on behalf of Mr. Walker. Specifically, the trial transcript was to be prepared and submitted for my review along with such other information as you desired to submit. My understanding is that, because of other pressing duties, the reporter has not managed to complete the transcript at this time. I further understand that Judge Acker has required that the city complete its decision by this date.

Based upon the jury's answers to the Special Interrogatories to the Jury, I have no possible alternative except to deny indemnity in this case and do so hereby. Based on the clear jury findings, the acts of Mr. Walker were undeniably outside of the line and scope of his employment with the City of Birmingham and were intentional acts intended to inflict wrongful injury. Unless this finding is reversed, the City cannot indemnify Mr. Walker under Alabama Law.

Despite the fact that this determination is made as a final determination of denial as required by Judge Acker's order, I would offer, if allowed by the Court, to review the transcript if such action is appropriate and modify my determination if warranted. Further, you should be aware that the City Code allows for appeal of this decision to the Birmingham City Council.

*EXHIBIT "C"*

8.1.1

Kenneth Thomas, Esq.
Page 2
November 13, 1998

Please call on me if I can be of further assistance.

Very truly yours,

William M. Pate Jr.
Assistant City Attorney

WMPJr/lr
cc:   Judge William M. Acker Jr.
      Gayle Gear, Esq.
      Joe Whatley

## AGREEMENT WITH RESPECT TO INDEMNIFICATION

This Agreement dated this _14 th_ day of _December_ , 1998, is entered into between the City of Birmingham (hereinafter "the City") and Arthur Deutcsh (hereinafter "Chief Deutcsh").

### INTRODUCTORY STATEMENTS

This matter pertains to Chief Deutcsh's request for indemnity from a judgment rendered against him in an action styled **OLADEINDE v. CITY OF BIRMINGHAM** bearing Civil Action No. 91-AR-0196-S filed in the United States District Court for the Northern District of Alabama (hereinafter Oladeinde action).

WHEREAS, Valinda Oladeinde, Plaintiff in the above styled action, obtained a judgment against Chief Deutcsh in the amount of $36,000 and has asserted claims for costs against Chief Deutcsh, and

WHEREAS, Chief Deutcsh has filed a claim for indemnification with the City of Birmingham, and

WHEREAS, the City Attorney's office of the City has denied Chief Deutcsh's claims for indemnification and the Mayor of the City, the Honorable Richard Arrington, has affirmed the City Attorney's decision denying indemnification, and

WHEREAS, the parties to this Agreement recognize that the City's decision with respect to indemnification was hindered by the fact that the trial transcript was not available for the City to review prior to reaching a decision, and in fact was not available to counsel for Chief Deutcsh in asserting Chief Deutcsh's claim for indemnification, and

WHEREAS, Chief Deutcsh is appalled by the judgment entered against him, believes the judgment was based upon numerous errors commited by the Court and wishes above all else to clear his name, and

WHEREAS, Chief Deutcsh, via his representative, states that he does not have the financial means to fight this miscarriage of justice and desires to mount a rigorous appellate defense against the judgment in the Oladeinde action, and

WHEREAS, the parties recognize that the verdict against Chief Deutcsh should be reversed based upon qualified immunity as well as First Amendment Jurisprudence, and

EXHIBIT "D"

:"ODMA\PCDOCS\DOCSBHM\636159\1

WHEREAS, Chief Deutcsh has appealed of the judgment rendered against him to the United States Court of Appeals for the Eleventh Circuit (11th Circuit),

## TERMS

The parties do covenant and agree as follows:

1.    The parties agree to hold all decisions with respect to indemnification in abeyance pending the decision of the 11th Circuit on Chief Deutcsh's appeal, and

2.    Chief Deutcsh agrees and covenants not to file an action against the City based upon the City's denial of indemnification until such time as a decision is rendered by the 11th Circuit, and

3.    The City agrees to continue to provide a defense to Chief Deutcsh with respect to all proceedings relating to the case styled **OLADEINDE v. CITY OF BIRMINGHAM** and bearing Civil Action No. 91-AR-0196-S, and

4.    The parties agree that if the 11th Circuit affirms the judgment rendered in the Oladeinde action, the City will reconsider its decision with respect to indemnification and in doing so will review the trial transcript from the United States District Court proceedings in the Oladeinde action. If the City denies indemnification, Chief Deutcsh is free to file an action based upon the City's indemnification decision and the City consents to jurisdiction of a Court of Competent Jurisdiction with respect to any action filed by Chief Deutcsh, and

5.    The City agrees to waive any statutory time frame required for filing an action based upon the City's decision with respect to indemnification, and

6.    The City further agrees that if Chief Deutcsh pursues an action based upon the City's indemnity decision, that it will not assert the Statute of Limitations or any other like defense to Chief Deutcsh's claim for indemnity.

7.    This Agreement is entered into solely for the benefit of Chief Deutcsh and his guardian, Elaine Deutcsh. The parties specifically acknowledge that this Agreement is not intended to benefit any other person or entity, including, but not limited to, Valinda Oladeinde, Patricia Fields or their counsel.

_William M. Pate, Jr._

STATE OF ALABAMA        )

JEFFERSON COUNTY        )


Before me, the undersigned authority in and for said County in said State, personally appeared **William M. Pate, Jr., Esquire, Assistant City Attorney, City of Birmingham**, who first being duly sworn and executed the foregoing Agreement with Respect to Indemnification.

Sworn to and subscribed before me on this _14th_ day of _December_, 1998.

Notary Public
My Commission Expires: _10-29-02_


**Elaine Deutcsh**


STATE OF ALABAMA        )

JEFFERSON COUNTY        )


Before me, the undersigned authority in and for said County in said State, personally appeared **Elaine Deutcsh**, who first being duly sworn, states that she is the Guardian of Arthur Deutcsh, and with full authority, she executed the foregoing Agreement with Respect to Indemnification for and on behalf of said Arthur Deutcsh, and that the matters contained therein are true and correct.

Sworn to and subscribed before me on this _11th_ day of _December_, 1998.

Notary Public
My Commission Expires: _Oct. 27, 1999_


:ODMA\PCDOCS\DOCSBHM\636159\1

_Arthur Deutsh_ (signature)

**Arthur Deutcsh**

STATE OF ALABAMA )

JEFFERSON COUNTY )

    Before me, the undersigned authority in and for said County in said State, personally appeared **Arthur Deutcsh**, who first being duly sworn and executed the foregoing Agreement with Respect to Indemnification.

    Sworn to and subscribed before me on this ___11th___ day of ___December___ , 1998.

_Lynn G Evans_ (signature)

Notary Public
My Commission Expires: ___10/27/99___

::ODMA\PCDOCS\DOCSBHM\636159\1

COPY

## AGREEMENT WITH RESPECT TO INDEMNIFICATION

This Agreement dated this _14th_ day of _December_, 1998, is entered into between the City of Birmingham (hereinafter "the City") and Julius Walker (hereinafter "Walker").

## INTRODUCTORY STATEMENTS

This matter pertains to Julius Walker's request for indemnity from judgments rendered against him in an action styled *OLADEINDE v. CITY OF BIRMINGHAM*, Civil Action No.. 91-AR-0196-S, filed in the United States District Court for the Northern District of Alabama (hereinafter <u>Oladeinde</u> action).

**WHEREAS,** Valinda Oladeinde and Patricia Fields, Plaintiffs in the above-styled action, obtained judgments against Walker in the total amount of $275,000 and has asserted claims for costs and attorneys' fees against Walker and,

**WHEREAS,** Walker has filed a claim for indemnification with the City of Birmingham, and

**WHEREAS,** the City Attorney's Office of the City has denied Walker's claims for indemnification and the Mayor of the City, the Honorable Richard Arrington, Jr., has affirmed the City Attorney's decision denying indemnification, and

**WHEREAS,** the parties to this Agreement recognize that the City's decision with respect to indemnification was hindered by the fact that the trial transcript was not available for the City to review proir to reaching a decision, and in fact was not available to counsel for Walker in asserting Walker's claim for indemnification, and

**WHEREAS,** Walker is appalled by the judgments entered against him, believes the judgments were based upon numerous errors committed by the Court and desires above all else to clear his name, and

**WHEREAS,** Walker states that he does not have the financial means to fight this miscarriage of justice and desires to mount a rigorous defense against the judgments in the <u>Oladeinde</u> action, and

**WHEREAS,** the parties recognize that the verdicts against Walker should be reversed based upon qualified immunity as well as First Amendment jurisprudence, and

**WHEREAS,** Walker has appealed the judgments rendered against him to the United States Court of Appeals for the Eleventh Circuit (11th Circuit),

*Exhibit "E"*

## TERMS

The parties do covenant and agree as follows:

1.  The parties agree to hold all decisions with respect to indemnification in abeyance pending the decision of the 11th Circuit on Walker's appeal, and

2.  Walker agrees and covenants not to file an action against the City based upon the City's denial of indemnification until such time as a decision is rendered by the 11th Circuit, and

3.  The City agrees to continue to provide a defense to Walker with respect to all proceedings relating to the case styled *OLADEINDE v. CITY OF BIRMINGHAM*, Civil Action No. 91-AR-0196-S, U S D C (N.D. Ala.), and

4.  The parties agree that if the 11th Circuit affirms the judgments rendered in the Oladeinde action, the City will reconsider its decision with respect to indemnification and in doing so will review the trial transcript from the United States District Court proceedings in the Oladeinde action  If the City denies indemnification, Walker is free to file an action based upon the City's indemnification decision and the City consents to jurisdiction of a court of competent jurisdiction with respect to any action fled by Walker, and

5.  The City agrees to waive any statutory time frame required for filing an action based upon the City's decision with respect to indemnification, and

6.  The City further agrees that if Walker pursues an action based upon the City's indemnity decision, that it will not assert the statute of limitations or any other like defense to Walker's claim for indemnity

7.  This Agreement is entered into solely for the benefit of Walker  The parties specifically acknowledge that this Agreement is not intended to benefit any other person or entity, including, but not limited to, Valinda Oladeinde, Patricia Fields or their counsel

WILLIAM M PATE, JR

STATE OF ALABAMA )

JEFFERSON COUNTY )

Before me, the undersigned authority in and for said County in said State, personally appeared **William M. Pate, Jr., Esquire, Chief Assistant City Attorney, City of Birmingham,** who first being duly sworn and executed the foregoing Agreement with Respect to Indemnification.

Sworn to and subscribed before me on this 14th day of December, 1998

Notary Public
My Commission Expires 5-6-2000

JULIUS WALKER

STATE OF ALABAMA )

JEFFERSON COUNTY )

Before me, the undersigned authority in and for said County in said State, personally appeared Julius Walker, who first being duly sworn and executed the foregoing Agreement with Respect to Indemnification.

Sworn to and subscribed before me on this 14th day of December, 1998

Notary Public
My Commission Expires. 5-6-2000

0842-000· Indemnification Agreement· City of Birmingham/Walker
84643549.wpd