FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JAN 20 AM 11: 11

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| VALINDA F. OLADEINDE, ) | |
| ) | |
| Plaintiff and ) | CIVIL ACTION NO. |
| Counterclaim defendant, ) | |
| ) | 91-AR-0196-S |
| PATRICIA FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF BIRMINGHAM ) | |
| ) | |
| Defendant, ) | |
| Counterclaimant and ) | |
| Garnishee, ) | |
| ) | |
| ARTHUR DEUTCSH, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| JULIUS WALKER, ) | |
| ) | |
| Defendant. | |

ENTERED

JAN 20 1999

## MEMORANDUM OPINION

On July 27, 1998, plaintiffs, Valinda F. Oladeinde ("Oladeinde"), and Patricia Fields ("Fields"), filed "Plaintiffs' Motion for Declaratory Judgment Against Defendant City of Birmingham, For Leave to Amend Complaint, and For Supplementary Proceeding." The object of said motion was to collect plaintiffs' judgments against defendants Arthur Deutcsh ("Deutcsh"), and Julius Walker ("Walker") on the basis of what Oladeinde, Fields, Deutcsh, and Walker all claim to be an obligation by City of Birmingham

1

("City") to pay or supersede the judgments against Deutcsh and Walker. The court thought then, and thinks now, that the then-pending garnishment proceeding against the City, as garnishee, was sufficient to invoke this court's ancillary jurisdiction over the indemnity question. Based on this belief, the court deemed redundant plaintiffs' said motion of July 27, 1998.

Speaking through lawyers Donald V. Watkins ("Watkins") and Joe R. Whatley, Jr. ("Whatley"), the City on more than one occasion has insisted that this court lacks jurisdiction over the indemnity question, although the City, speaking through William M. Pate, Jr. ("Pate"), Assistant City Attorney, has, on the merits, denied the existence of a binding indemnity in favor of Deutcsh and/or Walker. On December 18, 1998, plaintiffs filed a motion pursuant to Rule 60(b), F.R.Civ.P., seeking a reconsideration or revival of their motion of July 27, 1998. This renewed motion was filed on the same morning upon which this court conducted a hearing on the possible disqualification of the lawyers now representing Deutcsh and Walker. Although apparently without success, the court tried its best to make clear its finding that Watkins and Whatley cannot represent and will not be permitted to represent the City <u>before this court in this case</u> with respect to the indemnity question. The court even sent for the absent Pate during the hearing of December 18, 1998, because the indemnity question was necessarily implicated in the hearing on disqualification, and because Watkins

at the time was undertaking to speak for the City on the indemnity question. The court was and still is totally satisfied that Watkins and Whatley, after having represented Deutcsh at trial and on prior appeals, <u>cannot</u> represent the City in its resistance of the claim of indemnity against the City by that very same Deutcsh. This conflict of interest cannot be rationalized away or overlooked, as the court overlooked the conflict of interest inherent in the simultaneous representation by Watkins and Whatley of the City and Deutcsh while their interests were not identical. Despite what this court said on December 18, 1998 and earlier, Watkins continued on December 18, 1998, and afterwards, to purport to represent the City on the indemnity question. This was even after Pate, who must be more in awe of Watkins than of the court, let Watkins carry the ball that Pate was supposed to carry.

At the close of the hearing of December 18, 1998, Watkins referred to plaintiffs' Rule 60(b) motion, which had just been filed and which the court had not yet read, and the court orally acquiesced to Watkins' request that "we" be given leave to respond to plaintiffs' motion by December 28, 1998. Because this court's position was and is that Watkins does not and cannot represent the City on the indemnity question, the court should have pointed out to Watkins, <u>again</u>, that he has no legitimate interest, except perhaps academic, in the indemnity question.

On December 22, 1998, without waiting until December 28, 1998,

3

this court entered an order together with a memorandum opinion, dealing primarily with the disqualification question. The court simultaneously granted plaintiffs' Rule 60(b) motion and again recognized, under plaintiffs' alternative theories advanced on July 27, 1998, that this court has jurisdiction to rule upon the indemnity question and to enforce indemnity if it exists. The fact that this court had already held that it has jurisdiction over the indemnity question did not preclude this court from adopting an <u>alternative</u> theory of jurisdiction without a hearing. There is nothing in Rule 60(b) that requires a hearing or a briefing schedule before a ruling. This court could have revisited plaintiffs' motion of July 27, 1998 without a Rule 60(b) motion. If it was not made clear to all concerned earlier, this court's opinion of December 22, 1998 made it absolutely clear that Watkins and Whatley cannot represent the City on the indemnity question. Counsel for <u>plaintiffs</u> seem to have understood the court in this. Nevertheless, on December 28, 1998, the City filed a "Motion to Reconsider, Motion for Clarification, and/or Motion to Stay Court's Order Granting Plaintiffs' Rule 60(b) Motion." The said motion was signed by Whatley and Watkins, as well as by Pate. After Whatley and Watkins' signatures, the following strange language appears: "Appearing in whatever capacity permitted by the Court." The certificate of service was signed by Whatley, indicating again that Pate takes a back seat to Watkins and Whatley on the indemnity

4

question despite this court's unequivocal holding that Watkins and Whatley are disqualified on this issue.

The motion filed by the City on December 28, 1998 begins with words that the court doubts were chosen by Pate, as follows: "Once again, this City is deeply troubled by an order the Court has entered."  The court will not pause to count the occasions since 1991, upon which this court has entered some order that has "deeply troubled" the City.  This court is itself deeply troubled by the inability of Watkins and Whatley to understand that this court finds them precluded from representing the City on the indemnity question, and that this preclusion includes the question of this court's jurisdiction over the indemnity question.  This court will not hear Watkins and Whatley on the indemnity question.  This court may, of course, have made a mistake in allowing Messrs. Long and Thomas to represent Deutcsh and Walker on the indemnity question while being paid by the City, but this court is not going to compound that possible error by allowing attorneys who represented Deutcsh from 1991 through trial to represent the City in defense of Deutcsh's indemnity claim against the City.  The court hopes that Pate will not hereinafter allow Watkins and/or Whatley to "ghost-write" the City's papers, including its briefs and discovery responses, regarding the indemnity question.

This court would have completely ignored the City's motion of December 28, 1998, signed by Watkins and Whatley, except for the

City's subsequent assertion, found by the court to be deeply troubling, that the City is "being deprived...of any semblance of due process." See "Reply to Plaintiffs' Opposition to the City of Birmingham's Motion to Reconsider, Clarify, and Stay Order of December 22, 1998," filed on January 14, 1999. Because Watkins and Whatley only appeared in "whatever capacity permitted by the court," they did not actually appear. And, insofar as "due process" is concerned, the court feels comfortable in saying that since 1991 the City has had as much "due process" in this case as ten due process clauses could have afforded.

Not only did Pate not ask for an opportunity to respond to plaintiffs' Rule 60(b) motion filed on December 18, 1998, but after considering all of the arguments contained in the City's papers, which were prepared and filed by lawyers who cannot and do not represent the City on the issue under consideration, the court concludes that it was correct (1) in granting plaintiffs' Rule 60(b) motion, and (2) in earlier finding that it has jurisdiction over the indemnity question, whatever the procedural basis or bases might be for obtaining that jurisdiction. The jurisdictional question could be briefed, argued, re-briefed, and re-argued, and the court's answer would be the same.

The technical questions arising from the internal procedures involving Deutcsh's and Walker's pursuit of indemnity by the City, including their contractual agreement with the City to stay those

6

proceedings, do not control or affect this court's jurisdiction over the indemnity question <u>as presented by Oladeinde and Fields</u>, even though Deutcsh and Walker necessarily agree with Oladeinde and Fields that the City is obligated, even while appeals are pending, to pay plaintiffs' judgments against Deutcsh and Walker, unless those judgments are superseded.

Although the <u>merits</u> of the indemnity question have not been ruled upon and will await the completion of discovery on that question, the <u>jurisdictional question</u> on the indemnity issue <u>has been ruled</u> upon and will not be addressed further except to share with the parties the following rather extensive quotations from *Yang v. City of Chicago*, 137 F.3d 522 (7th Cir. 1998), with which this court thoroughly agrees:

> Yang seeks to enforce his $229,658.10 judgment against the officers through a supplemental collection proceeding under Federal Rule of Civil Procedure 69(a) to have the City indemnify his § 1983 judgment in accordance with 745 ILCS 10/9-102. The district court dismissed Yang's garnishment proceeding for lack of jurisdiction. We reverse.
>
> * * *
>
> [1] Yang argues that the district court erred in dismissing his Rule 69 garnishment petition. He asserts that the garnishment proceeding was not a separate lawsuit, as the district court held, but an ancillary proceeding of the same suit. We agree.
>
> We have held that garnishment proceedings to collect a judgment are not separate lawsuits. *See, e.g., Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193 (7th Cir. 1996) (Rule 69 garnishment proceeding is an ancillary proceeding and district court therefore was within its jurisdiction in allowing plaintiff to collect her judgment from a third party); *Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016, 1020 (7th Cir. 1995) ("In federal practice, garnishment to collect a judgment is not — at least, need not be — an independent suit. It is part of the main action, prosecuted under Fed.R.Civ.P. 69 by virtue of the supplemental jurisdiction."); *Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir. 1995) ("Garnishment is a standard, and often

essential, step in the collection of a judgment, and the party holding the judgment ... ought to be able to take this step without having to start a new lawsuit in a different court system."); *Argento v. Village of Melrose Park*, 838 F.2d 1483 (7th Cir. 1988) (finding garnishment proceeding to collect judgment from a § 1983 suit within court's ancillary jurisdiction.).

We addressed this very question in *Argento v. Village of Melrose Park*. In *Argento*, a man arrested for a traffic accident was severely beaten while in police custody. 838 F.2d at 1486. He filed suit against the four officers who beat him, as well as against the Village of Melrose Park, alleging violations of 42 U.S.C. §§ 1983 and 1985. A jury found the officers not liable under § 1983 for the beating, and we reversed. *Id.* Liability was assessed on remand, but the plaintiff was unable to collect his judgment. He sued the Village to collect the judgment, utilizing Federal Rule of Civil Procedure 69(a) to collect in accordance with 745 ILCS 10*9-102. The Village argued that the district court's jurisdiction did not extend to separate actions against nonparties to the original suit. *Id.* at 1487. We disagreed, finding that the district court had jurisdiction by virtue of its supplemental authority to order a third party not subject to the first suit (the Village) to pay the judgment in the § 1983 suit. *Id.* at 1495. In particular, we found that "the 9-102 claim against the Village...[is] adequately related to the initial civil rights action to fall under ancillary jurisdiction." *Id.* at 1490.

The City argues that the rule established in Argento and developed through its progeny of case law was overruled by the Supreme Court's opinion in *Peacock v. Thomas*, 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996).[1] In *Peacock*, the Court held that federal courts do not possess ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person no otherwise liable for the judgment. 516 U.S. at 349-50, 116 S.Ct. at 864. However, the Supreme Court specifically cited Rule 69 as a procedure under ancillary jurisdiction to be used in executing federal judgments in accordance with state procedure and practice. *Id.* at 359 n. 7, 116 S.Ct at 869 n. 7. Additionally, the Court noted that:

> We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments. Without jurisdiction to enforce a judgment entered by a federal court, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Riggs v. Johnson County*, 6 Wall. 166, 18 L.Ed. 768 (1868). In defining that power, we have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection of federal judgments – including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances. *See, e.g., Mackey v. Laniere Collection Agency & Serv., Inc.*, 486 U.S. 825, 834 n. 10 [108 S.Ct. 2182, 2188 n. 10, 100 L.Ed.2d 836] (1988) (garnishment)....

8

> *Peacock*, 516 U.S. at 356, 116 S.Ct. at 868. *See also Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir. 1995) (predicting that the Supreme Court would not hold garnishment proceedings to be outside supplemental jurisdiction).
>
> The City's argument that *Argento* does not survive *Peacock* rests on footnote 2 of the Court's opinion, where the Court implied that the *Argento* line of cases were on the wrong side of a circuit split. The City unsuccessfully argued this same point to us in *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997).
>
> ---
> [1] The City also argues that Yang's Rule 69 garnishment proceeding is a separate lawsuit because there really isn't a garnishment at issue here since the City is not holding any funds belonging to Hardin and has no obligation under § 9-102 to pay either Brown or Hardin any amount. We find this argument to be irrelevant, given our findings below that the City does have an obligation to pay Yang's judgment under § 9-102.

Id. at 522, 524-26.

A separate order denying the City's present motion and striking the purported appearances of Watkins and Whatley on the indemnity question will be entered.

DONE this 20th day of January, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge J. Michael Putnam