```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

FILED
99 JAN 29 PM 3:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 29 1999

| | |
|---|---|
| VALINDA F. OLADEINDE, | ) |
|     Plaintiff and<br>    Counterclaim defendant | ) CIVIL ACTION NO.<br>) <br>) 91-AR-0196-S |
| PATRICIA FIELDS, | ) |
|     Plaintiff, | ) |
| v. | ) |
| CITY OF BIRMINGHAM | ) |
|     Defendant,<br>    Counter Claimant, and<br>    Garnishee, | ) |
| ARTHUR DEUTCSH, | ) |
|     Defendant, | ) |
| JULIUS WALKER, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Although there are other motions in the above-entitled cause that, for good reason, have not been ruled upon, the following motions are now due to be dealt with:

1. Motion filed by garnishee, City of Birmingham ("City"), on September 23, 1998, to quash the writ of garnishment served upon it by plaintiff, Valinda Oladeinde ("Oladeinde"), seeking to intercept the wages and/or salary and benefits of defendant, Julius Walker

1

("Walker"). This motion was not signed by attorneys Watkins or Whatley, who are disqualified from representing City as garnishee and alleged indemnitor.

2. Motion filed by City on September 23, 1998, to quash the writ of garnishment served upon it by plaintiff, Patricia Fields ("Fields"), seeking to intercept the wages and/or salary and benefits of Walker. This motion was not signed by attorneys Watkins or Whatley.

3. Motion filed on October 1, 1998, by City of Birmingham Retirement and Relief System to quash the writ of garnishment served on it and/or City by Oladeinde seeking to intercept the disability retirement benefits of defendant Arthur Deutcsh ("Deutcsh"). This motion was not signed by attorneys Watkins or Whatley.

4. Motion filed on October 8, 1998, by Deutcsh to quash the writ of garnishment of Oladeinde.

5. Motion filed on October 15, 1998, by Walker to quash the writs of garnishment of Oladeinde and Fields.

6. Motion styled "Second Motion" filed on October 23, 1998, by Deutcsh to quash Oladeinde's garnishment and to assert a claim of exemption.

7. Motion filed by City on January 13, 1999, for an order requiring plaintiffs to file a statement or complaint on the issue of indemnity or, in the alternative, to dismiss plaintiffs'

indemnity claims for failure to state a claim upon which relief can be granted. This motion is signed by one lawyer who can represent the City and by two lawyers who cannot.

    8.  Motion by City filed on January 22, 1999, to reconsider and/or clarify this court's order of January 20, 1999. This motion is not signed by Watkins or Whatley.

    9.  Motion by City filed on January 22, 1999, to suspend all pending matters for ninety (90) days. This motion is not signed by Watkins or Whatley.

    The motions described in paragraphs Nos. 1-6 above all have to do with the right of plaintiffs to attach the wages and/or retirement benefits of Walker and Deutcsh. The motion filed by Deutcsh on October 23, 1998, (paragraph 6 above), not only challenges Oladeinde's right to intercept Deutcsh's retirement benefits but prays for an order "directing that this Defendant's statutory right to indemnity is not subject to garnishment or collection under Law." The court chooses to ignore the fact that Deutcsh, by what he is here saying, joins the City's challenge to this court's jurisdiction over the indemnity question. The court has already held more than once that it has subject matter jurisdiction over the claims of indemnity. This was the number one reason for not ordering the disqualification of Long as attorney for Deutcsh.

    Walker, who is a current City employee, receives his salary

from City, but under Alabama law, salaries of public officials, although subject to garnishment to collect *ex contractu* claims, cannot be garnished for obligations arising out of tort cases. *See Ala. Code, § 6-6-482*. Civil rights actions have traditionally been treated as tort actions. Causes of action brought under 42 U.S.C. § 1983 are called "constitutional torts." *See, e.g., Gonzalez v. Santiago, 550 F.2d 687 (1st Cir. 1977)*. By separate order, Walker's and City's motions to quash the garnishments by Oladeinde and Fields, only insofar as they seek to intercept Walker's salary and benefits <u>other than</u> any right to indemnity against City, will be granted.

Whether Deutcsh's disability benefits come from City or from City of Birmingham's Retirement and Relief System is immaterial. Such benefits are not subject to garnishment. *See Art. VIII, § 3 of Act No. 1272 Acts of Alabama, 1973*. All motions to quash writs of garnishment obtained by Oladeinde seeking to intercept Deutcsh's disability benefits are due to be granted and will be granted by separate order. This does not constitute a ruling, express or applied, on Oladeinde's and Deutcsh's claims of indemnity against City.

The court believes that its memorandum opinion and order of January 20, 1999, render moot the City's motion filed on January 13, (paragraph No. 7 above). It will therefore be separately denied as moot. The court is satisfied, as it has already held

4

more than once, that plaintiffs do have standing to raise the issue of indemnity as third party beneficiaries of the alleged indemnity agreements, and that under the requirements of notice pleading, plaintiffs have more than adequately raised and stated their claims in that regard. There is no possibility that City does not fully comprehend, and is not fully aware of, the indemnity claims made by plaintiffs, as well as the parallel claims made by Deutcsh and Walker. The indemnity questions will be ruled upon after discovery is complete. IN THIS REGARD, THE COURT INVITES ALL INTERESTED PARTIES TO FILE MOTIONS FOR SUMMARY JUDGMENT ON THE INDEMNITY QUESTIONS AS SOON AS DISCOVERY IS COMPLETE. In City's "answer" recently filed in defense of plaintiffs' indemnity claims, City demands trial by jury. To the extent that the court should hereinafter determine that there are disputes of fact relevant to the indemnity questions, City's demand for jury trial will be granted, despite the probability that the pending indemnity issues involves only a traditional equitable remedy.

The motion to reconsider and to clarify filed by City on January 22, 1999 (paragraph No. 8 above), complains of a denial of due process by virtue of the disqualifications of Watkins and Whatley in their purported representations of City as alleged indemnitor. It alternatively seeks to exempt Watkins and Whatley from this disqualification insofar as Walker's claim of indemnity, as distinguished from Deutcsh's claim of indemnity, is concerned.

City alleges that "the disqualified counsel never represented the Defendant Walker and should therefore be allowed to assist the City in matters relating to indemnity of Walker." The certificate of service on the motion of January 22 which is signed only by Pate as attorney for City, inexplicably does not reflect service on Watkins. The court feels compelled carefully peruse the entire court file beginning in 1991. The motion will be ruled upon only after that perusal is complete, which should be soon.

The City's motion to suspend all proceedings for ninety (90) days (paragraph No. 9 above) will be separately denied, because the court believes that there has been more than ample time within which to complete discovery on the indemnity questions, and the potential prejudice to Oladeinde, Fields, Walker and Deutcsh, which is inherent in further delay, far outweighs any possible prejudice to City by adhering to the present schedule.

DONE this 29th day of January, 1999.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE