IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
VALINDA F. OLADEINDE, et al.,   )
                                )
     Plaintiffs,                )
                                )
v.                              )   CV-91-AR-0196-S
                                )
CITY OF BIRMINGHAM, et al.,     )
                                )
     Defendants.                )
```

FILED 99 FEB -3 PM 1:48
U.S. DIS... COURT
N.D. OF ALABAMA

ENTERED
FEB - 3 1999

## MEMORANDUM OPINION

On January 22, 1999, the City of Birmingham ("City") filed a "Motion to Reconsider and to Clarify Order of January 20, 1999." In this court's order of January 29, 1999, this court deferred ruling on the motion until the court could review the entire, very voluminous court file. In the motion, the City protests this court's order of January 20, 1999, which disqualified attorneys Donald Watkins, Joe Whatley, and Peter Burke from representing the City on the question of indemnification of judgment debtors Deutcsh and Walker. The City argues that the disqualified counsel "never represented Defendant Walker and should therefore be allowed to assist the City in regard to matters related to indemnity of Walker."

First and foremost there is, as a practical matter, no real distinction that can be drawn between representing Walker against the City and representing Deutcsh against the City. To help the City fight Walker is to help the City fight Deutcsh.

But, to take up the City's assertion on the merits, on more

554

than one occasion the court has attempted to explain to attorneys Watkins, Whatley, and Burke why they are disqualified from representing the City on questions regarding the possible indemnification of judgment debtors Deutcsh <u>and Walker</u>.  Although this court has previously, and unequivocally, declared this disqualification, in response to the City's strident objections the court has undertaken a thorough review of the record, from the filing of the first pleading in 1991, to determine whether, in fact, the disqualified attorneys have or have not represented defendant Walker at any point during this lengthy litigation. Having completed that review, the court is more convinced than ever that defense counsel for the City, Walker and Deutcsh have operated as one entity or team throughout this litigation up until and throughout the trial, and that attorneys for each defendant have, at various times, undertaken to represent and, in fact, to appeal for the defendants as a collective.  In particular, it is exceedingly clear that Watkins, Whatley, and Burke <u>all</u> participated in the representation of Walker prior to, up to, and throughout the actual trial.  Therefore they may not now represent the City against Walker, any more than against Deutcsh, as Walker attempts to obtain indemnification for the judgments entered against him.  The review of the record forced by the City's motion almost makes the court think it was wrong to allow Kenneth Thomas to represent Walker after Thomas' deep involvement in representing the City.

There is overwhelming evidence on the face of the record to

support the court's conclusion regarding the City's and Walker's overlapping representation. Although Thomas has served as one of Walker's counsel throughout the entire course of this litigation, numerous filings are signed in Thomas' name by someone else's hand, possibly implicating Rule 11. These signatures usually, but not always, are followed by the true signatory's initials.[1]

Several court documents are signed in Thomas' name, without such initialing, but in each instance it nevertheless appears that another individual has signed for Thomas. Indeed, Thomas' purported signature has morphed so much over eight years that the court knows he did not sign his own name all the time. He virtually merged with Whatley and Watkins. A quick, random sampling of the record reveals at least five distinguishable versions of the "Kenneth L. Thomas" signature, and the court has no way of knowing which, if any, of these signatures were actually penned by Thomas himself. Either Thomas has unique hand-writing skills, or multiple other persons have, with the assurance of abdication in advance, signed and filed documents on

---

[1] See, e.g., 2/19/9, Motion to Dismiss and to Strike; 7/7/93, Notice of Filing; 2/4/98, Defendants' Renewed Motion to Dismiss Based Upon the Unavailability of a Key Witness; 2/4/98, Defendants' Renewed Motion to Declare Method of Selecting Jury Venires to Be Illegal; 2/11/98, Motion to Conduct Limited Discovery; 6/18/98, Defendant's Opposition to United States' Motion in limine; 6/19/98, Defendants' Response to Plaintiffs' Motion to Preclude; 7/14/98, Renewed Motion for Judgment as a Matter of Law or in the Alternative Motion for New Trial; 7/15/98, Response of the City of Birmingham to Motion for Order Entering Judgment for Plaintiff on Claim for Equitable Relief; 7/21/98, Defendants' Response to Motion for Leave to Obtain Discovery Pursuant to Rule 69; 8/21/98, Motion to Stay; 8/21/98, Defendants' Joint Motion to Reconsider and Vacate Court's Order Dated August 13, 1998; 12/10/98, Motion to Continue; 12/17/98, Counsel for Defendant Walker's Submission in Response to Show Cause Order.

Thomas' clients' behalf. In most instances where Thomas' signature does not appear to be his own, the same person has apparently signed for all the parties.[2]

When, as in this case, multiple defendants are purportedly represented by different attorneys, signatures upon court documents are conventionally followed by some indication of whom the signatory represents, such as "Attorney for Defendant Julius Walker," or "Attorneys for the City of Birmingham." However, as one has come to expect in this case, multiple filings provide no such limitations. In other words, such documents appear to indicate that the signatories represent <u>all</u> the defendants.[3]

Even defense counsel seem confused as to whom they

---

[2]*See, e.g.*, 2/7/97, Renewed Motion to Be Allowed to Complete Deposition; 2/4/98, Defendants' Motion for Order Establishing Schedule; 2/4/98, Defendants' Motion to Permit Use of a Jury Questionnaire; 2/18/98, Motion for Extension of Time to Complete Discovery; 2/23/98, Motion to Stay Proceedings; 2/24/98, Defendants' Response to Plaintiffs' Motion *in limine*; 2/24/98, Defendants' Response to Plaintiffs' Motion *in limine* to Exclude Competency Issues; 2/26/98, Notice of Filing Declaration; 3/24/98, Defendants' Reply to Plaintiffs' Opposition; 3/24/98, Motion to Conduct Discovery; 6/22/98, Defendants' Response to Opposition to Plaintiffs' Additional Motion *in limine*; 6/29/98, Motion for Mistrial; 6/29/98, Proposed Jury Instructions.

[3]*See, e.g.*, 8/19/97, Defendants' Motion for Recusal or Disqualification; 8/28/97, Defendants' Evidentiary Submission; 2/11/98, Motion to Conduct Limited Discovery; 2/24/98 Defendants' Response to Plaintiffs' Motion *in limine*; 2/24/98, Defendants' Response to Plaintiffs' Motion *in limine* to Exclude Competency Issues; 2/26/98, Defendants' Brief Regarding Jury Selection System; 2/26/98, Notice of Filing Declaration; 3/24/98, Defendants' Reply to Plaintiffs' Opposition; 3/24/98, Motion to Conduct Discovery; 6/17/98, Defendants' Motion *in limine* Relating to Testimony from the U.S. Attorney's Office; 6/22/98, Defendants' Response to Opposition to Plaintiffs' Additional Motion *in limine*; 6/29/98, Motion to Reconsider; 6/29/98, Motion for Mistrial; 6/29/98, Proposed Jury Instructions; 6/30/98, Motion for Judgment as a Matter of Law on Qualified Immunity; 6/30/98, Motion for Judgment as a Matter of Law; 7/21/98, Defendants' Response to Motion for Leave to Obtain Discovery Pursuant to Rule 69.

represent. On at least two documents, the signature lines are followed by indications that the signatory represents only particular clients, but those limitations have been scratched out by hand, indicating that the signatories themselves believe their representation encompasses all defendants.[4]

Several documents are signed only by Whatley, with no indication that his representation is limited to particular clients.[5] Finally, even Thomas has signed on behalf of all other defendants on at least two occasions.[6]

In sum, the court cannot avoid concluding that defense counsel have collaborated as one, unified, conflict-ridden team in their representation of the City, Deutcsh, <u>and Walker</u>. It is clear from the record that despite the City's persistent objections, Watkins, Whatley, and Burke have indeed actively participated in Walker's representation. As a result, their disqualification from representation of the City on <u>all</u> indemnity questions, was, and is, entirely proper.

For these reasons, the City's "Motion to Reconsider and to Clarify Order of January 20, 1999" is due to be denied. A separate and appropriate order will be entered.

---

[4]*See, e.g.*, 2/23/98, Motion to Stay Proceedings; 2/26/98 Defendants' Brief Regarding Jury Selection System.

[5]2/23/98, Statement of Facts in Support of Defendants' Challenge of the Jury Selection Process in the Northern District of Alabama; 4/17/98, Notice of Filing Declaration; 4/17/98, Supplemental Statement of Facts; 4/23/98, Notice of Filing Declaration.

[6]8/19/97, Defendants' Motion for Recusal or Disqualification; 8/28/97, Defendants' Evidentiary Submission.

On May 14, 1991, plaintiffs filed "Plaintiffs' Response to Renewed Motion to Dismiss," attaching a copy of an article from the Birmingham News of May 12, 1991, in which Watkins is featured as the lawyer chosen by the City's mayor to "kick ass" with what Watkins then called his strategy of "laser litigation," consisting of "an intensified focus of energy designed to wear the opposition down." Watkins was further quoted as saying, "We will file something every day. If they don't devote the same amount of energy, they will lose." The Watkins strategy of 1991 has continued until today. Tomorrow is another day.

DONE this __3rd__ day of February, 1999.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE