IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

*FILED*

*99 MAY 21 PM 1: 21*

*U.S. DISTRICT COURT*
*N.D. OF ALABAMA*

| | | |
|---|---|---|
| VALINDA F. OLADEINDE, | ) | |
| | ) | |
| Plaintiff and | ) | CIVIL ACTION NO. |
| Counterclaim defendant, | ) | |
| | ) | 91-AR-0196-S |
| PATRICIA FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BIRMINGHAM, | ) | |
| | ) | |
| Defendant, | ) | |
| Counterclaimant and | ) | |
| Garnishee, | ) | |
| | ) | |
| ARTHUR DEUTCSH, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| JULIUS WALKER, | ) | |
| | ) | |
| Defendant. | | |

**ENTERED**

**MAY 2 1 1999**

### MEMORANDUM OPINION

Presently before the court is City of Birmingham's ("City's")
Motion Under Rule 59(e) to Alter or Amend Judgment and Under Rule
60(b)(1)(6) for Relief From Judgment, filed April 30, 1999 (the "Rule
59/60 motion"). In its said motion, City contends that this court's
opinion and order of April 22, 1999 ("Indemnity Order"), which
required City fully to indemnify judgment debtors, was grounded upon
multiple mistakes of fact and law. Plaintiffs, Valinda Oladeinde
("Oladeinde") and Patricia Fields ("Fields"), and judgment debtors,

1

Arthur Deutcsh ("Deutcsh") and Julius Walker ("Walker"), oppose City's motion. The issues have been exhaustively briefed by all parties. Having reviewed the record, giving careful attention to the Indemnity Order, and upon due consideration of the parties' briefs and other materials, the court determines that City's motion is due to be denied. The court will briefly respond to City's principal contentions.

First, City says that the court mistakenly inferred that City regularly indemnifies its employees. In support, City argues that the Blake case,[1] in which City's attorney, Donald Watkins, is personally a litigant, is not representative of City's usual practice. In that case, the Birmingham City Council passed a resolution promising full indemnification to Watkins and others for obligations arising from awards for compensatory and punitive damages. That resolution was passed prior to trial and regardless of the nature of wrongdoing which a jury might find. City does not contest the fact that such broad indemnity was granted. Surely City does not mean to suggest that it can pick and choose when to apply the ordinances and statutes upon which it attempts to deny indemnity in this case. If those laws so absolutely bar indemnity for intentional acts or for punitive damages, as City has repeatedly argued in the present action, why do they not bar indemnification of Watkins in the *Blake* case? The answer is clear: the ordinances and statutes do not act as a bar.

Next, City attempts to distinguish the *Blake* case, along with

---

[1] *See Blake, et al. v. Arrington, et al.*, CV-98-175, in the Circuit Court of Shelby County, Alabama.

2

the many other instances of indemnity discovered by plaintiff, from
the indemnity questions presented in this action.  City once again
states that the cases cited in the Indemnity Order involve only
payments to "satisfy [City's] own obligations because of joint and
several liability," but not indemnities.  *Rule 59/60 Motion, at para.
5.*  This assertion is factually wrong, but it also indicates that
City has not paid close enough attention to this court's Indemnity
Order, wherein the court found that City has <u>conceded</u> a "large and
long practice of indemnifying its employees" and is <u>estopped</u> from
arguing otherwise.  *See Indemnity Order*, at 21.  The court remains
satisfied from the record that City's indemnity practice is regular
and routine.

City complains that the court has placed it in a false light by
suggesting it was reluctant to disclose information related to *Owen
v. Birmingham*, CV-88-P-0565-S, a case which was earlier in this court
before another judge.  City is, in effect, arguing that it could not
have "stonewalled" about the *Owen* case, because Oladeinde and Fields
never actually requested information about that case.  In her letter
to City of February 24, 1999, plaintiffs' attorney, Gayle Gear,
states "In lieu of the lost files, as a substitute for them, I will
accept documentation of a case which is not identified in the
sampling."  During the discovery struggle which occasioned Gears'
letter, it strained credibility that City coincidentally "lost" the
precise files which Gear had identified and requested.  City's
current assertion about the *Owen* case likewise falls short, because
it effectively requires City to convince the court that its counsel
cannot read.  In Gear's letter, quoted above, she goes on to

specifically identify and request documentation in regard to the *Owen* case. She did not leave to City's discretion the choice of which case to substitute for the "lost" files. If she had, it might have been reasonable for City to assume that she sought a case from within the same window of time delineated by her earlier discovery requests. This is what City says it assumed. *See City's Reply In Support of Its Rule 59/60 Motion.* This, too, is not a credible position. The court is convinced that City's counsel well understood Gear's request. Gear could not have been much clearer when she wrote:

> In the 1980s, Carlos Owens [sic], a police officer, won a suit against Deutcsh under 42 U.S.C. 1983. The City paid the jury awards of compensatory and punitive damages. Please provide the certificate of judgment which shows the payment.

*Letter of Plaintiffs' Counsel Gear to City's Counsel Pate, Feb. 24, 1999,* at 2.

City knew exactly what plaintiffs sought. When City was slow to provide information about the *Owen* case, it was only continuing its long pattern of "stonewalling." In the April 22, 1999 Indemnity Order, the court's characterization of the City as "reluctant" was, if anything, putting it mildly.

However, upon examination of City's *Exhibit 5*, attached to the present motion, the court now recognizes that it did misconstrue the record, placing attorney Bill Dawson, not City, in a bad light. The Indemnity Order incorrectly indicated that Dawson had represented Deutcsh in the *Owen* case. The record is clear that Dawson actually represented plaintiff Carlos W. Owen <u>against</u> Deutcsh. The court

4

apologizes for any appearance of impropriety on Dawson's part that the court's misreading of the earlier record may have created. Despite that mistake, the important facts remain the same, because City did fully indemnify Deutcsh for compensatory and punitive damages in the *Owen* case, as the court pointed out in its Indemnity Order. City, unlike Dawson, was depicted accurately in the Indemnity Order.

It is absurd to suggest that the court *sua sponte* inserted the issue of indemnity into the case. Perhaps the court should have pointed out the conflicts of interests more fervently and at an earlier date than it did, but seven years of litigation transpired during which the potential conflict problems were always the same. If City missed them, it and its counsel were asleep. City reminds the court that prior to trial attorneys Watkins and Whatley sought to resolve their conflicts of interest by requesting leave to withdraw from representing Deutcsh. That the court did not allow them to withdraw nearly seven years after the case began should have come as no surprise. The prejudice to plaintiffs and to Deutcsh and to all of the other parties would have been intolerable. Also, the extreme level of conflicts of interest had not come to light at that time. City's counsel apparently forgot to mention the fact that Watkins, who had represented City against indemnification, had employed attorney Long, Deutcsh's substitute counsel, to represent him (Watkins) in the *Blake case*. Where was Long to place his ultimate loyalty? At this point, the court can only speculate as to what

5

impact that information would have had if the court had known it then. The court is convinced that its decisions on disqualification were correct at the time they were made and that there is no practical way to remedy the problem except to factor the conflicts into a resolution of the indemnity question. City probably would like to start all over again.

City claims that the court simply took indemnity for granted without any real basis. The court is satisfied that the Indemnity Order adequately presented the myriad reasons why Deutcsh and Walker "had just and reasonable cause to rely upon City's express and implied representations and upon the proven policy of City." *Indemnity Order,* at 27. In the Indemnity Order, the court recalled that City supported Deutcsh's and Walker's attempts to stay collection of the judgments against them pending appeal, citing the possibility of indemnity. City objects that "[i]f Deutcsh or Walker ever made any statement that they should not be required to post a bond because they are entitled to an indemnity, that was a position that they may have proffered but not that the City ever accepted." *Rule 59/60 Motion*, at para. 4. Even if true, Deutcsh and Walker had ample additional grounds to reasonably rely upon the existence of indemnity, as discussed in the Indemnity Order. However, this court has already determined that City itself, through its attorneys Watkins and Whatley, was the moving force behind the representation of Deutcsh and Walker until the disqualification by this court of those attorneys. *See Memorandum Opinion and Order*, Dec. 22, 1998.

6

Watkins and Whatley, while still speaking for both City and the judgment debtors, stated their belief that the existence of a past practice of indemnity "should support the City's indemnification." *See Indemnity Order*, at 20.  If City never accepted this conclusion, Deutcsh and Walker were entitled to believe that it had.

City also rather condescendingly states that it placed the court "on notice" that there was no promise of indemnity, and that the reservation of rights suggested by the court was "reading a contractual obligation [to indemnify] into a statutory obligation [to indemnify]."  The principal reason for the court's voicing its concerns about indemnity, when the issue became central after the pre-trial conference, arose from the court's realization that defendants Deutcsh and Walker had not been put "on notice" about the possibility of City's refusal to indemnify.  To be clear, failure to obtain a reservation of rights does not, in and of itself, create an obligation to indemnify, whether in the present context or in the insurance context.  Considerations of equity create the obligation, in both contexts, where conflicts of interest, like in the present case, would otherwise work manifest injustice, or where, as here, statements and actions by the potential obligor induce reasonable reliance by the potential obligee.  Such equitable obligations might be removed by a contractual reservation of rights.  At least after the court pointed out the issues to counsel, City was certainly "on notice" that a reservation of rights, if it could have gotten one after so many years of litigating, could have absolved it of the

7

obligations created by equitable considerations.

The court has already acknowledged public policy considerations weighing against indemnification. *See Indemnity Order*, at 27. The court's Indemnity Order discussed at length the countervailing policy concerns which ultimately tip the balance heavily in favor of ordering indemnification in this case, however rare such a finding might be. City's reintroduction of this policy discussion merely asserts, in conclusory fashion, that the court erred on this point. The court remains persuaded that it was correct for the reasons discussed in the Indemnity Order.

For all of the foregoing reasons, the court finds that City's arguments in support of its Rule 59/60 motion are unpersuasive. City's present motion will, by separate and appropriate order, be denied.

DONE this 2nd day of May, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

8